NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2206
_____

UNITED STATES OF AMERICA

v.

JERRY STRAIN,
                    Appellant


_____


On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Crim. No. 1-09-cr-00291-003)
Honorable Christopher C. Conner, District Judge
_____

Submitted under Third Circuit LAR 34.1(a)
December 17, 2010

BEFORE:  SLOVITER, GREENAWAY, JR., and GREENBERG, Circuit Judges

(Filed: February 8, 2011)
_____

OPINION OF THE COURT
_____

GREENBERG, Circuit Judge.

        This matter comes on before this Court on appellant Jerry L. Strain's appeal from

a judgment of conviction and sentence entered on April 12, 2009.  Strain, however, limits

his appeal to a challenge to the District Court's calculation of his criminal history

category for sentencing guideline purposes. The Court sentenced Strain to a 90-month custodial term to be followed by a three-year term of supervised release after Strain pleaded guilty to an information charging him with conspiracy to distribute and possess with intent to distribute crack cocaine in violation of 21 U.S.C. § 846.

This case centers on the application of sentencing guideline section 4A1.2(c)(1) which directs district courts when calculating a defendant's criminal history category to exclude certain misdemeanor and petty offenses and offenses similar to them, including disorderly conduct offenses, unless the sentence for the conviction was for a term of probation of more than one year or imprisonment for at least 30 days. In calculating Strain's criminal history, the Court included, among his previous convictions, a Pennsylvania conviction for harassment, but Strain argues that the Court should not have counted that conviction because the harassment offense was similar to disorderly conduct, one of the offenses section 4A1.2(c)(1) provides should be excluded.

This case arises in the aftermath of United States v. Elmore, 108 F.3d 23 (3d Cir. 1997), in which we held that harassment was not similar to disorderly conduct for the purpose of the guideline calculation and thus a district court should not exclude it when calculating a defendant's criminal history. In so holding, we used a categorical approach in determining if the prior offense should be excluded. That approach focused on the offense's elements rather than on the defendant's conduct. Id. at 27. By the time that we decided Elmore other courts of appeals had adopted a multi-factor test in applying section 4A1.2(c)(1) to determine whether an offense not listed in section 4A1.2(c)(1) is similar to an offense listed in that section.

In 2007, the Sentencing Commission resolved the difference in approaches by adopting a "common sense" approach for courts to consider in determining if section 4A1.2(c)(1) requires the exclusion of a conviction. This common sense approach includes a non-exclusive list of factors set forth in the application notes to the guideline. Section 4A1.2 comment (n.12) now provides that

> In General.—In determining whether an unlisted offense is similar to an offense listed in subdivision (c)(1) or (c)(2), the court should use a common sense approach that includes consideration of relevant factors such as (i) a comparison of punishments imposed for the listed and unlisted offenses; (ii) the perceived seriousness of the offenses as indicated by the level of punishment; (iii) the elements of the offense; (iv) the level of culpability involved; and (v) the degree to which the commission of the offense indicates a likelihood of recurring criminal conduct.

When Strain pleaded guilty to the charge of harassment, Pennsylvania defined the offense as follows:

> **(a) Offense defined.**—A person commits the crime of harassment when, with intent to harass, annoy or alarm another, the person:
>
> > (1) strikes, shoves, kicks or otherwise subjects the other person to physical contact, or attempts to threaten or do the same;
>
> **(c) Grading.**—
>
> > (1) An offense under subsection (a)(1), (2) or (3) shall constitute a summary offense.

18 Pa. Cons. Stat. Ann. § 2709 (West Supp. 2006).

At that time Pennsylvania defined disorderly conduct as follows:

3

**(a) Offense defined.**—A person is guilty of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he:

> (1) engages in fighting or threatening, or in violent or tumultuous behavior;
>
> (2) makes unreasonable noise;
>
> (3) uses obscene language, or makes an obscene gesture; or
>
> (4) creates a hazardous or physically offensive condition by any act which serves no legitimate purpose of the actor.

**(b) Grading.**—An offense under this section is a misdemeanor of the third degree if the intent of the actor is to cause substantial harm or serious inconvenience, or if he persists in disorderly conduct after reasonable warning or requests to desist. Otherwise disorderly conduct is a summary offense.

18 Pa. Cons. Stat. Ann. § 5503 (West 2000).

In his brief Strain explains that his harassment conviction arose from an "altercation with a neighbor" in which he "struck the neighbor with a wooden ski and his fists and feet." Appellant's br. at 4. The presentence report indicates that the neighbor "was treated at Harrisburg Hospital for cuts and bruises." The Pennsylvania court imposed a fine of $167.50 on this conviction.

Strain contended in the District Court that harassment was similar to disorderly conduct and thus the Court should exclude it when determining his criminal history pursuant to section 4A1.2(c)(1). The Court, however, found that the harassment of which Strain was convicted was dissimilar to the offense of disorderly conduct and thus it would

4

not exclude the conviction in determining Strain's criminal history. That determination gave Strain a criminal history category of III and a guideline sentencing range of 108-135 months. The Court then varied downwards from the range and sentenced Strain to a custodial term of 90 months.[1] If the Court had agreed with Strain that it should exclude the harassment conviction in determining his criminal history category, his category would have been II rather than III and thus his sentencing range would have been lower. Following the entry of the judgment Strain filed this appeal.

The District Court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291. We review the District Court's interpretation of the sentencing guidelines de novo, see United States v. Pojilenko, 416 F.3d 243, 246 (3d Cir. 2005), and review its findings of fact for clear error. See United States v. Wise, 515 F.3d 207, 217 (3d Cir. 2008). In this process we ascertain if the District Court committed any significant error, such as failing to calculate or improperly calculating the guideline range. See Gall v. United States, 552 U.S. 38, 51, 128 S.Ct. 586, 597 (2007); United States v. Grier, 585 F.3d 138, 141 (3d Cir. 2009).

Our consideration of this matter has led us to conclude that the District Court correctly determined, using the common sense approach that section 4A1.2(c) now requires, that Strain's conviction for harassment was so dissimilar to the offense of disorderly conduct that it should not be excluded in his criminal history calculation. In reaching its conclusion that it should not exclude the harassment conviction, the Court

---

[1] The Court also imposed a fine and special assessment but we are not concerned with them on this appeal.

examined the elements of the offenses of harassment and disorderly conduct and, quite appropriately, in addition considered Strain's conduct that led to his harassment conviction. The Court also noted that Strain originally had been charged in the state court with simple assault but pleaded guilty to harassment as a reduced charge. In the Court's view, the fact that Strain originally was charged with simple assault made the harassment offense more similar to simple assault than disorderly conduct.

In our view, it is significant that the harassment charge was based on conduct that involved an assault on another person by kicking, punching and striking him with a pair of wooden skies with such force that the victim needed medical treatment. Such conduct is more serious and of a different character than a disorderly conduct offense which focuses on a defendant's intention "to cause public inconvenience, annoyance, or alarm." See 18 Pa. Cons. Stat. Ann. § 5503 (West 2000). The use of wooden skies, which obviously could be and were used as a weapon to cause an injury, cannot be characterized as an act merely causing inconvenience, annoyance, or alarm.

We recognize that Strain argues that in the light of the 2007 amendment to section 4A1.2 we should overrule Elmore. We, however, need not address that contention because rather than applying a categorical approach in determining whether to exclude the harassment conviction, the District Court applied, correctly, the common sense approach as directed by the 2007 guidelines amendment.

For the foregoing reasons the judgment of conviction and sentence entered April 12, 2009, will be affirmed.

_____

6